UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **QUANTUM IMAGING, LLC,** | § | |
| **Plaintiff,** | § § § | |
| v. | § § | CIVIL NO. 6:22-CV-00573-ADA-DTG |
| **SONY INTERACTIVE ENTERTAIN-MENT INC., ET AL.** | § § § § | |
| **Defendants.** | § | |

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER UNDER 28 U.S.C. § 1404 (ECF NO. 55)

This is a suit filed by Plaintiff Quantum Imaging, LLC ("Quantum" or "Plaintiff") alleging patent infringement against defendants Sony Interactive Entertainment Inc. ("SIEI"); Sony Interactive Entertainment LLC ("SIE"); and Bluepoint Games, Inc. ("Bluepoint"), (collectively, "Defendants").[1] Before the Court is Defendants' motion to transfer this case, for convenience, to the Austin Division of the U.S. District Court for the Western District of Texas, filed October 21, 2022. ECF No. 55. Quantum filed opposition to the Motion on April 14, 2023. ECF No. 105. Defendants replied on May 3, 2023. ECF No. 108. After considering the parties' briefs, and the applicable law, for the reasons discussed herein, the Court concludes that the Ausin Division is a clearly more convenient venue to try this case and it is in the interest of justice for the Court to transfer this case. Thus, the Court **ORDERS** that Defendants' Motion to Transfer be **GRANTED** in that this case be transferred to the Austin Division of the U.S. District Court for the Western District of Texas but remain assigned to United States District Judge Alan D Albright, referred to

---

[1] The Original Complaint named Sony Group Corporation, Sony Corporation of America, as defendants as well, but they have been dismissed from the case.

United States Magistrate Judge Derek T. Gilliland, and scheduled according to the current Scheduling Order. ECF Nos. 87, 136.

## I.     FACTUAL BACKGROUND

Plaintiff is a Wyoming limited liability company headquartered in Casper, Wyoming. ECF No. 1 ¶ 1 [hereinafter, "Compl."]. The Asserted Patents' inventor—Frances Barbaro Altieri—resides in Belmont, Massachusetts. Her company, Barbaro Technologies, is based in Boston.

Quantum filed its complaint against Defendants on June 3, 2022, asserting that Defendants infringed four Quantum patents—U.S. Patent No. 8,458,028 (the "'028 patent") System and Method for Integrating Business-related Content Into an Electronic Game; U.S. Patent No. 10,255,724 (the "'724 patent") Interactive Virtual Thematic Environment; U.S. Patent No. 10,846,941 (the "'941 patent") Interactive Virtual Thematic Environment; U.S. Patent No. 10,991,165 (the "'165 patent") Interactive Virtual Thematic Environment (collectively, "the patents-in-suit")—which claim devices and programs allowing users to engage in business-related transactions and other functionalities while playing video games. Plaintiff identifies the Accused Products in its complaint as including PlayStation Network, PlayStation VITA, PlayStation 4, PlayStation VR, and PlayStation , as well as Bluepoint's Demon's Souls game software. Compl. ¶ 67.

Plaintiff alleges that Defendants infringe the patents-in-suit directly and indirectly by development, design, manufacture, distribution, marketing, offering to sell, and selling infringing products and services in this District. Compl. ¶ 7. SIE is a California limited liability company with its worldwide headquarters and principal place of business in California. Compl. ¶ 5. SIEI is SIE's affiliate in Japan and is incorporated under the laws of Japan with its principal place of business in Japan. Compl. ¶ 4. At the time of the Complaint, plaintiff alleges that Defendants were

seeking to hire dozens of employees in Austin. Plaintiff further alleges that Bluepoint is part of PlayStation Studios, which is a division of Defendants SIE and SIEI. Bluepoint is incorporated in Texas, with its headquarters and principal place of business in Austin, Texas. Compl. ¶¶ 6, 18. Defendants allege, and plaintiff does not appear to dispute, that Bluepoint's operations, personnel, and documents—including hardware storing its electronic documents, and custodians who create and maintain electronic documents—are all located in its Austin office, with the exception of some remote workers who reside outside of Texas. Compl. ¶¶ 6, 18, 22-23; ECF No. 55 at 9. However, no party has relevant facilities, operations, or documents in Waco.

## II.    LEGAL STANDARD

The change of venue statute provides a district court authority to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Regional Circuit law, here the Fifth Circuit's, governs this Court's determination of whether to transfer. *In re Genetech, Inc.*, 566 F.3d 1338, 1341–42 (Fed. Cir. 2009). The moving party has the burden to prove that a case should be transferred for convenience. *In re Volkswagen of Am.*, 545 F.3d 304, 314 (5th Cir. 2008) [hereinafter *Volkswagen II*]. "The determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the

3

administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

### III.    ANALYSIS

As to the threshold inquiry, Defendants admit that this suit could have been brought in the Austin Division. ECF No. 55 at 6. Plaintiff does not dispute this. Thus, the Court analyzes the private and public interest factors.

### A. The Private Interest Factors

#### 1. The Relative Ease of Access to Sources of Proof

"[I]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo Co. Ltd.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (applying 5th Circuit law). However, "the accessibility of electronic storage of documents is not a fact that should weigh against transfer." *Corrino Holdings LLC v. Expedia, Inc.*, 2022 WL 1094621, at *2 (W.D. Tex. Apr. 12, 2022) (citing *In re Juniper*, 14 F.4th 1313, 1322 (Fed. Cir. 2021)).

Defendant argues that this factor favors transfer because its technical documents relevant to the Accused Products are created and maintained by custodians in either the Austin Division or outside of Texas, but not in the Waco Division. ECF No. 55 at 9. Defendant is not otherwise aware of any sources of proof located in Waco. ECF No. 55 at 8. Plaintiff argues that this factor is neutral. ECF No. 105 at 8. Plaintiff argues that "Demon Souls' sources of proof are not exclusively in Austin—they are also in Japan." *Id.* Plaintiff asserts that because defendant's documents are located on servers, they are accessible anywhere in the world. ECF No. 105 at 9–10. But Plaintiff concedes that no "relevant documents or document custodians are in Waco." ECF No. 105 at 10.

4

### 2. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order. *Fintiv Inc. v. Apple, Inc.*, 2019 WL 4743678, at *14 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen II*, 545 F.3d at 316). Defendants argue the Waco and Austin Divisions would have the same subpoena power and Plaintiff agrees. ECF No. 55 at 14; ECF No. 105 at 14. This Court agrees.

### 3. The Cost of Attendance and Convenience for Willing Witnesses

"The convenience of witnesses is the single most important factor in the transfer analysis." *Sonrai Memory Ltd. v. Oracle Corp.*, 6:21-cv-116-ADA, 2022 WL 315023, at *2 (W.D. Tex. Feb. 2, 2022). The Federal Circuit has stated "the inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021- 70, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021).

Defendants argue that this factor favors transfer because there are willing witnesses in the Austin Division who are current employees of the defendant companies. By contrast, there are no employees of the parties in the Waco Division. Austin has Bluepoint's only office (and thus its operations, employees, and evidence) and an SIE office. For example, Defendant points out that Plaintiff's Complaint emphasizes that 68 Bluepoint *employees* are located in Austin, one potential Bluepoint *witness* resides in Austin, 18 open SIE employment positions are based in Austin,

5

"Defendants" and "PlayStation" were advertising several Austin-based employment positions at the time of the filing of the Complaint, and eleven named Austin-based SIE employees are key witnesses. ECF No. 55 at 10–11 (citing Compl. ¶¶ 9, 21–23; 25-38). Plaintiff disagrees and alleges that witnesses in Oklahoma, Japan, and Boston will find Waco more convenient. Plaintiff also concedes that witnesses living in Austin, or even exurbs such as Hutto, would enjoy "additional convenience" with a trial in the Austin Division. Neither party has identified any witnesses residing in the Waco Division.

### 4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. Defendant argues that this factor favors transfer because the case has not yet reached *Markman* and the pleadings are not yet settled. Plaintiff argues that this factor weighs against transfer because the parties have engaged in substantial merits discovery. Generally, the stage the case is not something that makes trial easier, more expeditious, or less expensive. *Iida v. Intel Corp.*, 2023 WL 5216813, at *3 (W.D. Tex. Aug. 1, 2023). The Court can also alleviate this factor by keeping the case on Judge Albright's docket, with a referral to Judge Gilliland for pretrial matters, and maintain the current case schedule.

### B. The Public Interest Factors

#### 1. Administrative Difficulties Flowing from Court Congestion

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers

6

the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. The Federal Circuit has stated that this factor is "the most speculative" factor. *Id.*

Defendants conclude that "this factor is neutral" because plaintiff does not practice the patent. ECF No. 55 at 15 (citing *In re WMS Gaming Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014) (finding no reason to "assign significant weight in the transfer analysis" to this factor where plaintiff does not practice the patent and "is not in need of a quick resolution of this case")). Plaintiff asserts that court congestion weighs against transfer, however, Plaintiff does not provide evidence showing that the Austin Division is more congested than the Waco Division.

### 2. Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). A local interest is demonstrated by a relevant factual connection between the events that gave rise to a suit and the venue. *In re Apple*, 979 F.3d 1332, 1344 (Fed. Cir. 2020).

Defendants argue that this factor "strongly favors transfer." ECF No. 55 at 15. Defendants point to the fact that no accused Products were designed, developed, and tested in Waco, but at least some were in Austin. In particular, Bluepoint's Demon's Souls underwent all three stages at its Austin offices. Plaintiff argues that this factor is neutral as to transfer.

### 3. Familiarity of the Forum with the Law That will Govern the Case

The parties agree that this factor has no bearing on the outcome of this Motion.

### 4. Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law

The parties agree that this factor does not affect the outcome of this Motion.

## IV. CONCLUSION

When considering all of the factors and the Court's ability to maintain the current case schedule by retaining this case on Judge Albright's docket and the referral to Judge Gilliland, the Court finds that Defendants have met their burden to show that the Austin Division is a clearly more convenient venue. *Volkswagen II*, 545 F.3d at 314 n.10. For that and the foregoing reasons, it is the **ORDER** of this Court the Defendant's Motion to Transfer to the Austin Division of the U.S. District Court for the Western District of Texas in the above-styled case is **GRANTED** and this case is **ORDERED** to be **TRANSFERRED** to the Austin Division, remain assigned to United States District Judge Alan D Albright, referred to United States Magistrate Judge Derek T. Gilliland, and maintained on its current Scheduling Order. ECF Nos. 87, 136.

**SIGNED** this   5th   day of October, 2023.

_____
Derek T. Gilliland
United States Magistrate Judge