IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| QUANTUM IMAGING LLC, | § | |
| | § | |
| Plaintiff, | § | **CASE NO.: 1:23-CV-01212-ADA-DTG** |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| SONY GROUP CORPORATION; SONY | § | |
| CORPORATION OF AMERICA; SONY | § | |
| INTERACTIVE ENTERTAINMENT | § | |
| INC.; SONY INTERACTIVE | § | |
| ENTERTAINMENT LLC; AND | § | |
| BLUEPOINT GAMES, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MOTION**
**FOR SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 101**

**TABLE OF CONTENTS**

I.      Introduction ......................................................................................................................1

II.     Background .......................................................................................................................1

        A.      The '028 Patent ........................................................................................... 1

        B.      The Court Has Issued Its *Markman* Order. ............................................... 2

        C.      A Child of the '028 Patent Was Held to Be Patent-Ineligible. .............................. 2

III.    Legal Standard .................................................................................................................3

IV.     The Claims of the '028 Patent Are Ineligible Under § 101 ................................................3

        A.      *Alice* Step One: The Claims Are Directed to the Abstract Idea of
                Integrating Business-Related Content into Other Media ........................................ 3

        B.      *Alice* Step Two: The Claims Do Not Contain an "Inventive Concept" .................. 5

V.      Conclusion .......................................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) ............................................ *passim*

*Barbaro Techs., LLC v. Niantic, Inc.*, 475 F. Supp. 3d 1007 (N.D. Cal. 2020) ......................2–3, 8

*Broadband iTV, Inc. v. Amazon.com, Inc.*, No. 6:20-CV-00921-ADA, 2022 WL
    4703425 (W.D. Tex. Sept. 30, 2022) (Albright, J.) ....................................................................6

*BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281 (Fed. Cir. 2018)...........................................4, 6

*Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776
    F.3d 1343 (Fed. Cir. 2014) ........................................................................................................6

*Multimedia Content Mgmt. Llc v. Dish Network Corp.*, No. 6:18-CV-00207-ADA,
    2019 WL 13081602 (W.D. Tex. Jan. 10, 2019) (Albright, J.)...................................................7

*RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322 (Fed. Cir. 2017).....................................5

*In re TLI Commc'ns Patent Litig.*, 823 F.3d 607 (Fed. Cir. 2016)..................................................7

*Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329
    (Fed. Cir. 2017)..........................................................................................................................7

## **TABLE OF EXHIBITS**

Exhibit 1................................................ January 26, 2011 Final Rejection

Exhibit 2................................................ June 2, 2009 Examiner's Answer to Appeal

Exhibit 3................................................ January 9, 2009 Final Rejection

Exhibit 4................................................ July 25, 2008 Non-final Rejection

Exhibit 5................................................ November 27, 2007 Final Rejection

Exhibit 6................................................ February 22, 2008 Amendment

## I.      INTRODUCTION

Asserted claims 1 and 3–9 of U.S. Patent No. 8,458,028 (the " '028 Patent") are patent ineligible under 35 U.S.C. § 101 and the Federal Circuit's two-step test set forth in *Alice Corp. Pty. v. CLS Bank Int'l,* 134 S. Ct. 2347 (2014). At *Alice* step one, the claims are directed to the abstract idea of integrating business-related content (such as advertisements) into a video game. '028 Patent, Title, Abstract, 1:7–10. Humans have used the same idea in the real world for hundreds of years across a variety of media: newspaper publishers have integrated advertisements alongside news articles, and radio and television broadcasters have integrated commercials into their programming. At *Alice* step two, the elements of the claims, both individually and in combination, lack any "inventive concept" because they only recite generic computer components (*e.g.*, "primary electronic device," "secondary electronic device," "locally executed game application," "network," "web pages") and generic functions (e.g., "receiving," "initiating," "integrating"), but not an improvement to the functioning of a computer or any specific technological solution.

## II.      BACKGROUND

### A.      The '028 Patent

The '028 Patent is titled "System and Method for Integrating Business-Related Content into an Electronic Game." '028 Patent, (54). The patent acknowledges that players of electronic games are a "significant target for business" and identifies a number of advertising methods used in the industry, including sponsored games and packaging inserts. *Id*. at 1:14–31. According to the patent, however, players do not pay attention to this advertising. *Id*. at 1:21–31. The purported invention addresses this problem by integrating advertisements, or what the patent calls "business-related content," into the game application or media. *See e.g*., *id.* at Title, Abstract, 3:27–29. To accomplish this, the '028 Patent only discloses and claims a number of generic components,

illustrated in Figures 1 and 2, which include several "electronic devices," one of which executes a "game application," and others supporting a "website" with "web pages" having "business related content," and connected by a "network." *Id*. at 3:36–4:24, 7:13–8:41. The patent fails to describe or claim any improvement to the functionality of the computer or any specific technological solution. *See id*. Instead, the patent describes conventional, well-known components and techniques, as discussed below in more detail.

### B.    The Court Has Issued Its *Markman* Order.

In the Claim Construction Order issued on October 20, 2023, the Court construed "automatically," the only disputed term in the '028 Patent, to have its plain and ordinary meaning. Dkt. No. 159, at 2. The Court's construction of claim terms only further confirms the patent ineligibility of the subject matter, as discussed below.

### C.    A Child of the '028 Patent Was Held to Be Patent-Ineligible.

The '028 Patent is not the first patent in its family to be invalidated as being directed to patent-ineligible subject matter under 35 U.S.C. § 101. U.S. Patent No. 8,228,325 (the "'325 Patent"), titled "Interactive Virtual Thematic Environment," claims priority[1] to the '028 Patent and names the same inventor. In *Barbaro Techs., LLC v. Niantic, Inc.*, Judge Seeborg of the Northern District of California held that the claims of the '325 patent were patent-ineligible under 35 U.S.C. § 101. *Barbaro Techs., LLC v. Niantic, Inc.*, 475 F. Supp. 3d 1007, 1011–15 (N.D. Cal. 2020). Under step one of *Alice*, Judge Seeborg found that the focus of the '325 Patent was "integrating real-world location information into a virtual environment," that the claims were

---

[1] *See* '325 Patent at 1:7–12 ("The present application [Ser. No. 12/073,966] is a divisional application of U.S. patent application Ser. No. 10/805,415 filed Mar. 22, 2004, now U.S. Pat. No. 7,373,377 which is a continuation-in-part of U.S. patent application Ser. No. 10/272,408, filed Oct. 16, 2002, [which issued as the '028 Patent asserted in this case] the contents of both applications are herein incorporated by reference in their entirety.").

directed to the abstract idea of "removing the disconnect between the user in the real world and [the virtual thematic environment,]" and that computers were "simply invoked as a tool for solving a problem that has predated them: integrating real-world information about a user into a virtual model." *Id*. at 1014 (cleaned up). Under *Alice* step two, Judge Seeborg held that the claims "recite only generic computer components" and that the failure to provide "'technological details' is fatal to the claims' validity." *Id*. at 1014–15 (citations omitted). The Federal Circuit affirmed without opinion under Rule 36. 852 Fed. Appx. 544 (Fed. Cir. 2021).

## III.    LEGAL STANDARD

The Supreme Court's decision in *Alice* articulated the now-familiar two-step test for determining eligibility under § 101. *Alice*, 134 S. Ct. at 2355. At step one, a court determines whether the claims "are directed to a patent-ineligible concept," such as an abstract idea. *Id*. If the claims are directed to an abstract idea, then at step two the court looks to the elements of the claim "both individually and as an ordered combination" to determine whether there is an "inventive concept"—*i.e.*, an element or combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id*. Recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention. *Id*. at 2358.

## IV.    THE CLAIMS OF THE '028 PATENT ARE INELIGIBLE UNDER § 101

### A.    *Alice* Step One: The Claims Are Directed to the Abstract Idea of Integrating Business-Related Content into Other Media

The claims of the '028 Patent are directed to the abstract idea of integrating business-related content into other media. For example, independent claim 1 is directed to a "method of integrating business-related content" and recites in part, "integrating business-related content from at least one of said web pages of said secondary electronic device into said locally executed game application

video game." '028 Patent, 7:13–35. Claim 7, the other independent claim of the '028 Patent, is even broader in that it is directed to "integrating content" (not just business-related content) into any "locally executed application" (not just a locally executed game application). *Id*., 8:10–34.

The rest of the '028 Patent makes clear that its fundamental idea is "integrating business-related content." The title of the patent is "System and Method for Integrating Business-Related Content into an Electronic Game." *Id*., (54). And the abstract recites, "A method of integrating business-related content into the execution of a game application is disclosed." *Id*., Abstract. Indeed, the '028 Patent goes so far as to state that the "present invention relates . . . particularly to the integration of business-related content into a computer game." *Id*., 1:7–10.

"The Supreme Court has held that 'fundamental . . . practice[s] long prevalent in our system of commerce' are abstract ideas." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1285–86 (Fed. Cir. 2018) (citing *Alice*, 134 S. Ct. at 2356). Integrating business-related content into other media is a fundamental practice of commerce because it is directed to the age-old issue of forcing consumers of content to view advertising. Humans have used the same idea in the real world for hundreds of years. For example, newspaper publishers have integrated advertising alongside news articles. More recently, radio and television broadcasters have integrated commercials in programming content, and Internet websites have integrated banner ads in their web content.

Moreover, the Federal Circuit and other district courts have repeatedly held that advertising-related claims similar to those asserted here are directed to an abstract idea. For example, in *Ultramercial Inc. v. Hulu, LLC*, the asserted claims covered "a method for distributing copyrighted media products over the Internet where the consumer receives a copyrighted media product at no cost in exchange for viewing an advertisement, and the advertiser pays for the copyrighted content." 772 F.3d 709, 712 (Fed. Cir. 2014). The Federal Circuit found that the claims

were "directed to the abstract idea of offering free media in exchange for watching advertisements[.]" *Id*. at 714–15. The abstract idea of the '028 Patent—*i.e.*, integrating business-related content into other media—is virtually the same as that of the patent in *Ultramercial*. The USPTO instructs that abstract ideas include "[c]ommercial interactions" such as "advertising, marketing or sales activities or behaviors, and business relations." *See* MPEP 2106.04(a)(2).

For at least these reasons, the claims of the '028 Patent are directed to an abstract idea.

**B.    *Alice* Step Two: The Claims Do Not Contain an "Inventive Concept"**

At *Alice* step two, this Court should examine the limitations of the claims to determine whether there is an "inventive concept" to "transform" the claimed abstract idea into patent-eligible subject matter. *Alice*, 134 S. Ct. at 2357. To save a patent at step two, an inventive concept must be evident in the claims. *RecogniCorp, LLC v. Nintendo Co., Ltd.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017). Claim 1 of the '028 Patent recites:

> A method of integrating business-related content over a computerized network, into a primary electronic device that accesses a game application, from at least one secondary electronic device that accesses business-related content on a plurality of web pages, the method comprising:
>
> receiving a request at said primary electronic device to initiate a locally executed game application that is accessible at said primary electronic device, from a user interfaced with said network;
>
> initiating said game application at said primary electronic device;
>
> automatically integrating business-related content from at least one of said web pages of said secondary electronic device into said locally executed game application during execution of said game application;
>
> automatically re-directing said user to one of said web pages of said secondary electronic device from said primary electronic device, said re-direction being integrated into said game application and said re-direction occurring as part of the user executing said game application; and
>
> executing a user action on said business-related content from said secondary electronic device.

Claim 1 is representative of the asserted claims of the '028 Patent because they are all linked to the abstract idea of integrating business-related content into other media, such as a game application. Claim 7 of the '028 Patent, the other independent asserted claim, is broader than claim 1 in that it concerns integrating any content (not just business content) into any application (not just a game application). The other asserted claims of the '028 Patent depend on either claim 1 or claim 7. '028 Patent, at 7:13–8:41. A court need not address each claim individually if "all the claims are substantially similar and linked to the same abstract idea." *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014).

The inventive concept at *Alice* step two must provide "significantly more" than the abstract idea itself. *BSG Tech*, 899 F.3d at 1289–90. Here, the claims of the '028 Patent do not provide "significantly more" than the abstract idea of integrating business-related content into other media.

Instead, as illustrated in claim 1, the asserted claims of the '028 Patent only recite generic computer components—*i.e.*, a "primary electronic device," a "secondary electronic device," a "game application," a "computerized network," and "web pages"—that were all well-known long before the October 16, 2002 filing date of the '028 Patent. The electronic devices, game application, network, web pages, and business-related content recited in the claims "are generic [elements] without any particular, let alone improved, structure." *Broadband iTV, Inc. v. Amazon.com, Inc.*, No. 6:20-CV-00921-ADA, 2022 WL 4703425 at *13 (W.D. Tex. Sept. 30, 2022) (Albright, J.). For example, the '028 Patent describes that an "electronic device 62 may be a desktop computer, laptop computer, PDA, cellular phone or other device able to access the network 70." '028 Patent, 4:6–8. Furthermore, the claims of the '028 Patent recite generic computer functions—*e.g.*, "receiving a request," "initiating said game application," and "executing a user action"—or functions that were otherwise well-known—*e.g.*, "integrating business-related

content" or "re-directing said user to one of said web pages." Indeed, the prosecution history of the '028 Patent established that these claimed computer elements and functions were well understood, routine, and conventional. In particular, the Examiner cited a number of prior art references, including U.S. Pat. Pub. No. 2003/0069832 (Czepluch) and U.S. Pat. No. 7,025,674 (Adams), which disclosed or taught such limitations. *See, e.g.,* Ex. 1, January 26, 2011 Final Rejection; Ex. 2, June 2, 2009 Examiner's Answer to Appeal; Ex. 3, January 9, 2009 Final Rejection; Ex. 4, July 25, 2008 Non-final Rejection; Ex. 5, November 27, 2007 Final Rejection. Thus, none of the claim language evinces an inventive concept that would save the claims. "Generic computer implementation of an otherwise abstract process does not qualify as 'significantly more,' nor will elements that are well understood, routine, and conventional allow a claim to get over the § 101 hurdle." *Multimedia Content Mgmt. Llc v. Dish Network Corp.*, No. 6:18-CV-00207-ADA, 2019 WL 13081602, at *3 (W.D. Tex. Jan. 10, 2019) (Albright, J.). "Well understood, routine, conventional" or "purely functional" claim elements cannot confer patent-eligibility. *Alice*, 134 S. Ct. at 2359-60; *In re TLI Commc'ns Patent Litig.*, 823 F.3d 607, 611-12 (Fed. Cir. 2016).

Because these elements and functions recited in the '028 Patent claims were well understood, routine, and conventional, the applicant during prosecution argued that its purported invention was different from the prior art because the steps of "integrating business-related content" or "re-directing said user to one of said web pages"—which were already well-known—were claimed as being performed "automatically." *See* Ex. 6, February 22, 2008 Amendment, at 16 ("Adams et al. <u>fail</u> to disclose that the user is *automatically* re-direct[ed] to a sponsor's customized web page") (emphases original)). But the language of "automatically" before the functions of "integrating" and "re-directing" fails to save the claims. The Court construed the term

"automatically" as having its plain and ordinary meaning. Thus, adding "automatically" before these steps amounts to nothing more than claiming to apply "integrating" and "re-directing" with a computer. But "[m]erely reciting the use of a generic computer or adding the words 'apply it with a computer' cannot convert a patent-ineligible abstract idea into a patent-eligible invention." *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338 (Fed. Cir. 2017).

Viewed as a whole, the method claims of the '028 Patent simply recite the concept of integrating business-related content into other media as performed by a generic computer. Neither the claims nor the specification purport to improve the functioning of the computer itself or effect an improvement in any other technology or technical field. *See generally* '028 Patent. Like the claims of the related '325 Patent, "[t]he failure to provide, or even suggest, 'technological details' is fatal" to the validity of the '028 Patent claims. *Barbaro Techs*, 475 F. Supp. 3d at 1015.

The claims of the '028 Patent merely reflect a sequence performed in a logical order dictated by the abstract idea of integrating business-related content into other media, but do not "transform the nature of the claim into a patent-eligible application" "as an ordered combination." *See Alice*, 134 S. Ct. at 2355. Therefore, the '028 Patent claims do not recite any inventive concept at *Alice* step two.

## V.    CONCLUSION

Because the claims of the '028 Patent are directed to an abstract idea and fail to claim an inventive concept, they are ineligible under 35 U.S.C. § 101.

Date:  October 30, 2023

*/s/ Philip W. Woo*
Philip W. Woo (admitted *pro hac vice*)
Jennifer Lantz (admitted *pro hac vice*)
**DUANE MORRIS LLP**
260 Homer Avenue, Suite 202
Palo Alto, CA 94301-2777
Telephone: (650) 847-4145
Facsimile: (650) 644-0150
Email: PWWoo@duanemorris.com
Email: JMLantz@duanemorris.com

W. Andrew Liddell
**DUANE MORRIS LLP**
Las Cimas IV
900 S. Capital of Texas Highway, Suite 300
Austin, TX 78746 -5435
Telephone.: (512) 277-2300
Facsimile: (512) 277-2301
Email: WALiddell@duanemorris.com

Sajid Saleem (admitted *pro hac vice*)
**DUANE MORRIS LLP**
1075 Peachtree Street NE, Suite 1700
Atlanta, GA 30309-3929
Telephone: (404) 253-6952
Facsimile: (404) 529-4678
Email: SSaleem@duanemorris.com

Irfan Malani (admitted *pro hac vice*)
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
Telephone: (312) 499-6708
Facsimile: (312) 277-2999
Email: IMalani@duanemorris.com

**COUNSEL FOR DEFENDANTS SONY INTERACTIVE ENTERTAINMENT INC., SONY INTERACTIVE ENTERTAINMENT LLC, AND BLUEPOINT GAMES, INC.**

DM2\18501048.7

9

## CERTIFICATE OF SERVICE

I certify that on October 30, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Philip W. Woo*
Philip W. Woo