UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **QUANTUM IMAGING LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **SONY INTERACTIVE ENTERTAINMENT INC.; SONY INTERACTIVE ENTERTAINMENT LLC; AND BLUEPOINT GAMES, INC.,** <br><br> Defendants. | Civil Action No. 1:23-cv-01212-ADA-DTG <br><br> **JURY TRIAL DEMANDED** |

### ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF NO. 230)

This case has been hotly contested. The Court has heard almost ten hearings involving discovery disputes and has ruled on submissions involving a few more. As a result of the volume of disputes, Plaintiff was ordered to file a motion to compel on the present dispute. Plaintiff filed the present Motion to Compel on March 22, 2024. ECF No. 230. The Motion has been fully briefed. Based on the arguments and authorities in the Parties' briefs, the Motion is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows.

Plaintiff's Motion to Compel seeks a significant amount of discovery from Defendants. Plaintiff's Motion seeks financial documents and sales documents. It seeks a supplemental interrogatory response. It also seeks depositions—of a corporate witness on several topics and of a previously deposed witness. *See* ECF No. 230.

### I. PLAINTIFF'S DOCUMENT REQUESTS

Some of Plaintiff's requests are general and unhelpful. Plaintiff begins its Motion by asserting that Defendants have not produced "underlying financial documents." *Id.* at 2. Plaintiff

1

contends that Defendants have failed to produce over fifty categories of documents—and then points the Court to a spreadsheet containing 57-rows of "Document Categories" and "Deposition Citations" for the Court to parse. *Id*. at 3 (citing Exhibit 7—ECF No. 230-7). Such an approach is not helpful to the Court's analysis or a resolution of the issues.

Plaintiff's Motion makes some specific requests that the Court can address. Plaintiff specifically identifies Tango Packages, Executive PowerPoint decks, and periodic territory reports as items that have been specifically identified by witnesses but that have not been produced. *Id*. at 3-5. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ As the evidence indicates these documents exist, Defendants are **ORDERED** to produce the Tango packages, the executive decks, territory reports, and balance sheets and P&Ls of Sony IE LLC **on or before May 10, 2024**.

The evidence does not, however, support Plaintiff's request for attach rates. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiffs have not demonstrated that "attach rate" reports exist, and Plaintiff's request for them is **DENIED**.

2

II.     **DEFENDANTS' RESPONSE TO INTERROGATORY NO. 1.**

The parties appear to dispute whether and to what extent Defendants have produced additional information in response to Interrogatory No. 1. Plaintiff contends that it has not received any financial information for Sony IE, Inc., and only limited information concerning gross revenue, costs of goods sold, or revenue for the PlayStation Network, PlayStation Store, and PlayStation Plus. ECF No. 230 at 6-7. Defendants contend that they have provided this information, even though they contend some of it is not accused. ECF No. 234 at 6-8. This Court's February 22, 2024, Order required all of this information to be produced, including the information contained in Exhibit P-1 to that Order. ECF No. 223. Defendants are therefore **ORDERED** to update Interrogatory No. 1 with the requested information—including that identified in Exhibit P-1 to the February 22, 2024 Order—**no later than May 10, 2024**.

III.    **DEFENDANTS DOCUMENT SEARCH.**

Most concerning to the Court is Defendants admitted failure to fully comply with this Court's February 22, 2024 Order. Following a discovery dispute hearing, the Court ordered Defendants to "Search the computers and files of at least Defendants' 30(b)(6) witnesses and other witnesses identified in their Initial Disclosures and produce responsive documents within two-weeks of the February 13th hearing." ECF No. 223 at 2. Defendants response to Plaintiff's Motion states that they have performed a "reasonable search" and produced responsive documents even though they only "searched the computers of the witnesses and custodians that have testified in the case: Gavino Morin, John Walker, Peter Dalton, Doug Evans, Ken Chan, Aaron Wong, Taku Imasaki, Brandon Louie." ECF No. 234 at 8. Defendants' search is more limited than this Court's February 22, 2024 Order required. Defendants never confirm that they have searched all of the witnesses identified in their Initial Disclosures or that they have fully

3

complied with the February Order. Defendants are therefore **ORDERED** to search the physical and electronic files of all other witnesses identified in their Initial Disclosures and produce responsive documents—physical or electronic—**on or before May 10, 2024**.

IV. **PRODUCTION OF LICENSES.**

While Defendants have produced several license agreements, they are admittedly withholding some. Licenses were referenced in an exhibit to the Court's February Order, but they were not specifically argued by the parties or addressed by the Order. *See* ECF No. 223 at 5. Defendants have withheld production of some Gran Turismo 7 licenses because they have confidentiality provisions that require a court order to produce. ECF No. 234 at 6. Defendants have also withheld some relevant Japanese-language licenses because they require translation. ECF No. 234 at 5-6. Finally, Defendants resist production of licenses for non-accused games. *Id*. at 6. The Court is not persuaded that a confidentiality provision or the language of a document is a basis to withhold discovery. As Defendants have admittedly located these relevant licenses—some with confidentiality provisions and some in Japanese—Defendants are **ORDERED** to produce all those licenses **on or before May 10, 2024**. As the Court previously limited discovery to the specifically accused games—Demon's Souls, Gran Turismo 7, and Gran Turismo Sport[1]—Defendants are **ORDERED** to search for and produce licenses related in any way to those games—Demon's Souls, Gran Turismo 7, and Gran Turismo Sport **on or before May 10, 2024**.

---

[1] The Court previously limited discovery directed at the games to Demon's Souls by Bluepoint, Gran Turismo 7 by Polyphony, and Gran Turismo Sport by Polyphony games. ECF No. 198

4

V.      **PLAINTIFF'S 30(b)(6) TOPICS**

Next we turn to the dispute regarding 30(b)(6) deposition topics. While Plaintiff raises several deposition topics and an alleged lack of witnesses for those topics, Plaintiff did not submit the deposition notice or the objections to that notice. *See* ECF Nos. 230 & 237. Defendants similarly address several of the topics and their alleged overbreadth, but Defendants did not attach the deposition notice or objections either. *See* ECF No. 234. The Court will evaluate the topics based on the arguments contained in the briefs.

Plaintiff identified several topics for which it requests witnesses, but Defendants have either been slow to provide witnesses or have refused to provide witnesses. ECF No. 230 at 9. The Court rules as follows on the deposition topics:

- For topic number 7, Defendants confirmed that they designated a witness to be deposed on April 11, 2024. The request for a witness on topic number 7 is **DENIED** as **MOOT**.

- For topic numbers 52 and 78, Defendants contend that the topics are overbroad and call for a legal conclusion. ECF No. 234 at 9. Plaintiff did not respond on this point. So, Defendants' objections regarding topic numbers 52 and 78 are sustained, and Plaintiff's request for a witness on topic numbers 52 and 78 is **DENIED**.

- For topics 11-13, Defendants contend the topics seek privileged information. *Id*. Again, Plaintiff did not respond on these topics, and Plaintiff's request for a witness on topic numbers 11-13 is **DENIED**.

- For topic number 68, Defendants assert that the topic is subsumed by topic numbers 10, 18, and 19, for which is it providing a witness. *Id*. at 9. While Plaintiff did not respond on this point, the Court notes that Defendants failed to specify a date by which it would make this witness available. Thus, Plaintiff's request for a witness on topic number 68 is

5

- **GRANTED** and Defendants are **ORDERED** to make the witness available **on or before May 17, 2024**.

- Plaintiff also sought a witness on topic numbers 63, 84, and 85. ECF No. 230 at 9. Defendants have agreed to provide a witness for topic number 63 without specifying a date and failed to address topic numbers 84 and 85. Therefore, Plaintiff's request for a witness on topic number 63, 84, and 85 is **GRANTED** and Defendants are **ORDERED** to make the witness or witnesses available **on or before May 17, 2024**.

- Finally, Plaintiff sought a witness on topic numbers 88 and 89 and stated that Defendants sought an additional meet and confer. ECF No. 230 at 9. Defendants did not respond regarding these two topics. Thus, Plaintiff's request for a witness on topic number 88 and 89 is **GRANTED** and Defendants are **ORDERED** to make the witness or witnesses available **on or before May 17, 2024**.

Plaintiff also made a general request for financial witnesses and marketing witnesses. ECF No 230 at 9. These requests identified general categories of information for which Plaintiff seeks a 30(b)(6) witness, but Plaintiff did not identify specific topics that these categories related to. And Defendants' response did not specifically respond to these two categories. With the information before it, the Court is unable to determine whether Plaintiff served a proper 30(b)(6) deposition notice on these topics and if so, whether Defendants have properly responded. These general requests for witnesses are therefore **DENIED**.

## VI. PLAINTIFF'S REQUEST FOR SANCTIONS UNDER F.R.C.P. 37.

Finally, the Court turns to Plaintiff's request for sanctions. Both parties accuse the other of misstating facts regarding the progress of discovery. The one complaint that is clear to the Court is Defendants' failure to comply with the Court's February 22, 2024 Order requiring them

6

to "[s]earch the computers and files of at least Defendants' 30(b)(6) witnesses and other witnesses identified in their Initial Disclosures and produce responsive documents within two-weeks of the February 13th hearing." *Compare* ECF No. 223 at 2 *with* ECF No. 234 at 8. Accordingly, Defendants are **ORDERED TO SHOW CAUSE** as to why it should not be ordered to pay Plaintiff's expenses for that portion of Plaintiff's Motion as a sanction for failure to search all of the witness files. Defendants' response to the show cause order shall not exceed five (5) pages and shall be filed **on or before May 10, 2024**.

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No 230) is **GRANTED-IN-PART** and **DENIED-IN-PART** as follows:

- Defendants are **ORDERED** to produce the Tango packages, the executive decks, territory reports, and balance sheets and P&Ls of Sony IE LLC **on or before May 10, 2024**.
- Plaintiff's request for attach rate reports is **DENIED**.
- Defendants are therefore **ORDERED** to update Interrogatory No. 1 with the requested information—including that identified in Exhibit P-1 to the February 22, 2024 Order—**no later than May 10, 2024**.
- Defendants are therefore **ORDERED** to search the physical and electronic files of all other witnesses identified in their Initial Disclosures and produce responsive documents—physical or electronic—**on or before May 10, 2024**.
- Defendants are **ORDERED** to produce all identified licenses with confidentiality provisions, in Japanese, or related in any way to Demon's Souls, Gran Turismo 7, and Gran Turismo Sport **on or before May 10, 2024**.

- The request for a witness on topic number 7 is **DENIED** as **MOOT**.

- Plaintiff's request for a witness on topic numbers 11-13, 52 and 78 is **DENIED**.

- Plaintiff's request for a witness on topic numbers 63, 68, 84, 85, 88, and 89 is **GRANTED** and Defendants are **ORDERED** to make the witness available **on or before May 17, 2024**.

- Plaintiff's general requests for financial witnesses and marketing witnesses are **DENIED**.

- Defendants are **ORDERED TO SHOW CAUSE on or before May 10, 2024**, in no more than five (5) pages why it should not be ordered to pay Plaintiff's expenses for that portion of Plaintiff's Motion as a sanction for failure to search all of the witness files.

All other relief sought in Plaintiff's Motion and not expressly granted is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED** this 3rd day of May, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE